824 F.2d 979
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Peggy D. SPURLOCK, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Appeal No. 86-1470.
 United States Court of Appeals, Federal Circuit.
 June 10, 1987.
 
 Before FRIEDMAN, NEWMAN and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board), Docket No. AT315H8610044, dismissing for lack of jurisdiction petitioner's appeal of her removal as an Internal Auditor with the Internal Revenue Service (IRS or agency) at Atlanta, Georgia, is affirmed.
 
 OPINION
 
 2
 After serving ten months as an Internal Auditor with the IRS, petitioner was removed from her job on September 28, 1985 due to unsatisfactory performance during her probationary period. This position was a career conditional appointment in the competitive civil service and petitioner was selected for the position from an OPM register of eligible applicants. Prior thereto petitioner had been employed by the IRS in an excepted position as a tax technician for approximately thirteen months and had, thus, completed the one-year probationary period for that position.
 
 
 3
 The board's dismissal was based on petitioner's lack of statutory or regulatory standing to appeal to the MSPB. See 5 U.S.C. Secs. 4303(f)(2), 7511(a)(1)(A). As a probationary employee, she was entitled to appeal to the MPSB only if the adverse action here involved was based on partisan political reasons or marital status. 5 C.F.R. Sec. 315.806. Petitioner claimed neither as a basis for her appeal.
 
 
 4
 Petitioner argues that the board erred in dismissing her appeal because she had completed a probationary period in her former position and was not required to complete a second probationary period, or because the agency was estopped from contending that her dismissal was effectuated during the probationary period. We cannot agree with petitioner's arguments. Petitioner was required to complete a second probationary period following her appointment to the career conditional position regardless of her thirteen months of previous employment in the excepted service. See Federal Personnel Manual, Chapter 315, Subchapter 8-2. Furthermore, the thirteen months of employment in the excepted service cannot be credited toward the second probationary period, because the position in the excepted service was not in the same line of work as the position in the competitive service, as evidenced by the different occupational code for the latter, which was reflected on her Standard Form 50. Federal Personnel Manual Chapter 315, Appendix A-3(c). Petitioner was therefore required to serve a full one-year probationary period in the career conditional position. Since she had only served ten months at the time of her removal, the board properly dismissed the appeal for lack of jurisdiction. 5 U.S.C. Sec. 4303(f)(2); 5 C.F.R. Sec. 315.806.
 
 
 5
 Because the board correctly held that petitioner was a probationary employee and that the agency complied with the statute in separating her for unsatisfactory performance, we find no merit in petitioner's estoppel argument. See Urban Data Systems, Inc. v. United States, 699 F.2d 1147, 1154 (Fed.Cir.1983). A government official had no authority to waive the requirement that a career service appointment requires completion of a one-year probationary period in that position.
 
 
 6
 We, therefore, affirm the board's decision.